# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

MICHAEL TODD SANZO,

    *Plaintiff*,

vs.

JAMES C. COX, *et al.*,

    *Defendants*.

3:13-cv-00406-RCJ-WGC

ORDER

Plaintiff, a Nevada state inmate who has been released on parole since commencing this action, has filed an application (#1) to proceed *in forma pauperis* seeking to initiate a civil rights action.

The pauper application submitted while in custody was incomplete. Both a financial certificate properly completed and executed by an authorized institutional officer on the required form and a statement of the plaintiff's inmate trust fund account for the past six months are required by 28 U.S.C. § 1915(a)(2) and Local Rule LSR1-2. Plaintiff attached a state court financial certificate and a copy of a state district court order on a pauper application in a state court case. He did not attach either a financial certificate on this Court's required form or a statement of his inmate trust fund account for the prior six months.[1]

It does not appear from review of the allegations presented that a dismissal without prejudice of the present improperly-commenced action would lead to a promptly-filed new

---

[1] Plaintiff was assisted by an inmate with extensive prior prison litigation experience in this District. The submissions presented with the pauper application provide no valid justification for plaintiff not submitting the required financial materials with the application.

action being untimely.  The earliest operative facts allegedly occurred in June 2012, and a two-year limitations period is applicable to civil rights actions arising out of Nevada.  Moreover, it appears that plaintiff has been released from physical custody.  He therefore would be able to file a new action that would not be subject to the fee payment requirement and certain other provisions of the Prison Litigation Reform Act.  While the allegations of the complaint, if true, would present a potentially viable claim of deliberate indifference to serious medical needs, plaintiff sought only monetary damages in the complaint.  Now that plaintiff is out of custody, he may file a new action for such relief, potentially after securing the services of counsel.[2]

IT THEREFORE IS ORDERED that the application to proceed *in forma pauperis* (#1) is DENIED and that this action shall be DISMISSED without prejudice to the filing of a new complaint in a new action together with either a new pauper application or payment of the $350.00 filing fee.

IT FURTHER IS ORDERED that all pending motions are DENIED without prejudice.

The Clerk of Court shall SEND plaintiff a copy of the papers that he filed along with the complaint and non-prisoner pauper forms and instructions for both forms.

The Clerk shall enter final judgment accordingly, dismissing this action without prejudice.

DATED: This 16th day of October, 2013.

_____
ROBERT C. JONES
Chief United States District Judge

---

[2] Plaintiff at all times remains responsible for properly commencing a timely action, whether or not represented by counsel.